**UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,**

v.

**Allin M. MEANS, Defendant-Appellant, Cross-Appellee.**

**Nos. 78–1262, 78–1263.**

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1980.

Decided May 9, 1980.

William H. Luck, Joseph G. Wilson, Jr., Memphis, Tenn., for defendant-appellant, cross-appellee.

W. J. Michael Cody, U.S. Atty., Memphis, Tenn., Gayle P. Miller, M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard Farber, Thomas M. Walsh, Grant W. Wiprud, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee, cross-appellant.

Before EDWARDS, Chief Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

These cases are cross-appeals from a judgment, entered February 22, 1978, of the United States District Court for the Western District of Tennessee. In that judgment the court sustained the imposition by the Commissioner of a 26 U.S.C. § 6672 penalty against taxpayer Allin M. Means, but disallowed interest accruing on that penalty during the pendency of the trial proceedings. The decision of the district court is unreported.

In 1971, the Government was interpleaded as a defendant in a proceeding entitled *Hyde Properties v. Clyde McCoy, et al.*, C.A. No. C–71–408 (W.D.Tenn.), contesting the ownership of two bearer notes transferred to the International House of Pancakes of Tennessee, Inc. The Government was named as a defendant because it had notified the plaintiff that it had levied upon International House of Pancakes' property in satisfaction of unpaid taxes. In its answer, the Government asserted its entitlement to the notes as subject to its lien for assessed and unpaid employment taxes, which it detailed. Following a jury trial, the court granted the Government's motion

for judgment notwithstanding the jury verdict, and the case was appealed to this Court. *Hyde Properties v. McCoy*, 507 F.2d 301 (6th Cir. 1974).

During the pendency of that appeal, settlement negotiations commenced via exchanges of letters between counsel for the officers of International House of Pancakes of Tennessee, Inc. and counsel for the Government. The parties achieved a settlement and embodied it in a "Consent Order of Settlement," which stated that the Government agreed to accept $30,000 "in full and final settlement of the tax claims alleged *in this case* against International House of Pancakes of Tennessee, Inc., plus all penalties and interest thereon" (emphasis added). It further stated:

Said payment is also in full and final settlement of all claims by the United States of America against Clyde McCoy, Allin Means, and Frank Means for any transferee or responsible person liability arising out of the taxes that were alleged to be owned by International House of Pancakes of Tennessee, Inc. *in this case. Said corporation* and the above-named individuals, by entry of this Order, have agreed to make no further claims against the United States of America for any refunds that they might otherwise allege *to be due International House of Pancakes of Tennessee, Inc.* (emphasis added).

Consequently, this Court remanded the case to the district court, which issued the consent order on October 29, 1974.

On August 22, 1977, the Government filed its complaint in the instant case seeking to reduce to judgment the penalty assessed against taxpayer under 26 U.S.C. § 6672 ($11,072.59, plus interest) as the person responsible for the unpaid withholding taxes of Motor Inn of Waterville, Main, Inc. (Motor Inn). The taxpayer answered only that the action was barred by the consent order entered in *Hyde Properties.* He also "cross-claimed" for $7,545.32, asserting that the Government had enforced liens to collect $7,500 in taxes which, he alleged, had been discharged by the settlement agreement.

On January 13, 1978, the Government filed a motion for summary judgment arguing that the consent order of settlement clearly and unambiguously limited the settlement to the tax claims involved in *Hyde Properties,* which concerned the tax liability of International House of Pancakes of Tennessee, Inc., not that of the Motor Inn. It also pointed out that the correspondence negotiating the settlement clearly showed that the parties had intended to settle only the tax liability at issue at that time.

On February 22, 1978, the district court granted the Government's motion for summary judgment, holding that the settlement applied only to the tax liability involved in the *Hyde Properties* proceeding, and thus did not bar the subsequent proceeding involving the 100 percent penalty stemming from Motor Inn's tax liability. The court noted that the consent order was specifically limited "to tax liabilities arising 'in this case'," (meaning Hyde Properties), and that it referred only to the tax liability of International House of Pancakes of Tennessee, Inc. and never to that of Motor Inn. The district court also stated that although it had reviewed all the settlement-related correspondence, such parol evidence could not be properly considered to vary the terms of the unambiguous terms of the settlement agreement embodied in the consent order. It added that no oral representations made by individual officials of the Government could bind the Government beyond the clear terms of the settlement agreement. In addition, although the taxpayer never requested the disallowance of interest during the pendency of the district proceeding, the court disallowed any interest period (August 22, 1977 through February 22, 1978), because " . . . the taxpayer had contested his liability in good faith."

On May 3, 1978, the taxpayer moved the district court to vacate its order of summary judgment, contending that there existed a genuine issue of material fact, i. e., the tax liability settled by the prior proceeding. The district court denied the motion, declaring that the settlement was explicitly limited to the tax liability of International

House of Pancakes of Tennessee, Inc., and, therefore, clearly did not settle taxpayer's liability for the unpaid taxes of Motor Inn. The court stated in this regard:

> There is no question but that the *Hyde Properties* case involved the entity International House of Pancakes of Tennessee, Inc. and not other corporate entities for which the government is asserting tax liability at this time.

Thereafter, the taxpayer filed a notice of appeal, and the Government filed a cross-appeal with respect to the interest disallowed by the district court.

■ With respect to Means' contention that the consent order was ambiguous and should be clarified by resort to correspondence between the parties during the *Hyde Properties* case, we affirm the judgment of the district court. We cannot agree with Means' contention: the language quoted from the consent order leaves absolutely no doubt that that order only applied to Means' liability in that case.

■ In dealing with the issue of whether Means' good faith effort to determine his tax liability was sufficient reason to disallow an interest penalty, we reversed the district court. 26 U.S.C. §§ 6601(a) and (b)(3) contain no "good faith" exception for the tolling of interest penalty during the time a liability is contested. While 26 U.S.C. § 212(3) allows a deduction for expenses incurred in the determination of any tax, there is simply no legal basis to disallow an interest penalty during a liability contest.

Accordingly, we affirm the judgment of the district court as regards Means' liability for the unpaid withholding tax and remand the case to the district court for entry of judgment on the interest penalty.