Anthony E. **CIBELLI**

v.

**UNITED STATES of America.**

Civ. No. N–83–21 (PCD).

United States District Court,
D. Connecticut.

Feb. 27, 1984.

Anthony E. Cibelli, pro se.

John Hughes, Asst. U.S. Atty., New Haven, Conn., for defendant.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, a taxpayer, *pro se*, seeks recovery of a portion of the interest assessed pursuant to Internal Revenue Code Section 6601 on income tax deficiencies for the years 1972, 1974, and 1975. As there is no genuine issue as to any material fact, and the defendant is found to be entitled to judgment as a matter of law, the government's Motion for Summary Judgment is granted and plaintiff's Motion for Summary Judgment is denied.

*Facts*

In his complaint, plaintiff sets forth in painstaking detail the events which motivated his seeking the present relief. By incorporating by reference the exhibits attached to plaintiff's complaint, the government, in its memorandum, essentially concurs in plaintiff's chronology. In light of the liberality with which the pleadings of a *pro se* party must be construed, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the fastidiousness of plaintiff's narrative of events and presentation of exhibits in his complaint, and the further light shed on the matter by the government's motion and supporting papers, this matter is indisputably ripe for consideration of the pending cross-motions for summary judgment.

The relevant and undisputed facts underlying this action are as follows. In late 1975, the Internal Revenue Service (IRS) informed plaintiff that it was considering re-assessing his tax liability for the year 1972. The items in question were the tax treatment of common stock contributions under a Cheesebrough-Pond's, Inc. employee stock purchase plan, and certain sales tax deductions. Plaintiff objected to re-assessment principally on grounds that a pri-

or administrative ruling for the years 1963 and 1968 was conclusive as to the proposed re-assessment for 1972. He requested a conference with the IRS. No such conference was immediately scheduled due to IRS policy, communicated to the plaintiff in January 1976, that no case would be sent to conference unless there were eight months open on the statute of limitations. Thereafter, and under protest, plaintiff executed IRS Form 872, by which the statutory period for assessments and court proceedings were extended through April 30, 1977. 26 U.S.C. § 6501(c)(4).

Shortly thereafter, plaintiff was advised that the conference had been placed in the IRS "Audit Suspense" file pending the resolution of the case of *Sakol v. IRS*, 67 T.C. 986 (1977). The *Sakol* case involved, *inter alia*, an attack on the constitutionality of the tax treatment of restricted stock option plans in the Internal Revenue Code of 1954. Pursuant to such a plan, the petitioner there had acquired stock in Cheesebrough-Pond's, Inc. Plaintiff in the instant case contends, and presumably contended when his matter was put on hold by the IRS, that notwithstanding the common denominator of the Cheesebrough employee stock purchase plan, the *Sakol* case had nothing to do with his case.

Over the next three years, plaintiff executed further extensions as requested on Forms 872. The tax years 1974 and 1975 were included in the subsequent forms. The *Sakol* case was decided on March 23, 1977. Some two years later, by letter dated March 19, 1979, plaintiff was informed that his case was being released from suspense.

Shortly thereafter,[1] a conference was held resulting in a compromise of the dispute. The IRS assessed deficiencies for the three years in question, plus interest on the unpaid tax liabilities pursuant to 26 U.S.C. § 6601.[2] Interest was charged at prevailing rates[3] from April of 1973 through July 23, 1979.

In this action, plaintiff complains of the assessment of interest during the entire period discussed above. While conceding the propriety of the exaction of interest through the end of December 1975 (amounting to $1,982.00) when he first requested a conference, plaintiff claims that the assessment of interest for the three-and-one-half years during which the matter was in suspense was improper, on the theory that unreasonable delay and negligence on the part of the IRS ought to relieve him of any obligation for interest during this period. He thus seeks recovery of the interest assessed for the period January 4, 1976, through July 23, 1979, or $3,238.00.

*Discussion*

It is a clearly established principle that interest chargeable on overdue taxes under 26 U.S.C. § 6601 is intended to compensate the government for delay in its receipt of the tax; it is neither punishment nor a penalty. *Avon Prod., Inc. v. United States*, 588 F.2d 342, 343 (2d Cir.1978). A taxpayer's good faith efforts to determine his tax liability does not toll the accrual of interest while his liability is contested. *United States v. Means*, 621 F.2d 236, 238 (6th Cir.1980). Thus it is beyond the equitable powers of the district court to alter and reduce the statutorily defined period for the accrual of interest and to do so would be erroneous. *Johnson v. United States*, 602 F.2d 734, 738–39 (6th Cir.1979). A delay in assessment of income tax deficiencies and collection of interest on such

1. The record is unclear as to whether the conference took place on June 6, 1979, or July 23, 1979, although it is clear that the assessment was noticed on the latter date. Especially as the precise date of the conference is not relevant in the view the court takes of the matter as expressed below, the conference date will be treated as July 23, 1979.

2. For the tax year 1972, the assessment was $9,800.00 in tax, $4,041.02 in interest; for 1974,

$2,317.00 and $677.67, respectively; and for 1975, $2,360.32 and $502.05, respectively.

3. Prior to July 1, 1975, the rate of interest assessed in unpaid tax liabilities was 6%. For the remainder of that year, the rate was increased to 9%. 1974 U.S.Code Cong. & Admin.News, 7478 at 7497. As presently in effect in a world of fluctuating interest rates, the interest rate changed is pegged to the prime rate. 26 U.S.C. § 6621.

deficiencies from the date such taxes should have been paid results in no injustice to a taxpayer, since he has had the use of the money, which should have been paid as taxes, during the period for which interest was charged. *Ingannamorte v. United States*, 189 F.Supp. 341, 343 (D.N.J. 1960).

The only case found which arguably supports a position contrary to the above is distinguishable on its facts. In *Silver v. United States*, 202 F.Supp. 1 (N.D.N.Y. 1962), the court applied the theory that interest is not to be allowed where, by act of the creditor, payment of a debt has been prevented. The government was held not entitled to interest on a profferred partial satisfaction of a jeopardy assessment after a reasonable time in which it should have acted upon the profferred payment. Plaintiff here did not offer payment. Thus his situation is not analogous to the formal proffer of partial satisfaction of the disputed tax in *Silver* and the same rule would not be applicable, factually. Further, the weight of authority as summarized above does not sustain the principle of an equitable reallocation, undertaken in *Silver*, and essentially requested here.

Accordingly, the court is without authority to accept plaintiff's invitation to assess IRS' actions as not in good faith. Without regard to whether it was reasonable for the IRS to place this matter in limbo pending the *Sakol* decision by the tax court and then to leave the matter in suspense for two years after that case was decided, the theory underlying the imposition of interest and the fact of plaintiff's retention of the use of the money during the period in question precludes the relief sought by plaintiff. As there is no dispute as to the material facts, and the government is entitled to judgment as a matter of law, the government's Motion for Summary Judgment is granted and plaintiff's Motion for Summary Judgment is denied.

Judgment shall enter accordingly.

SO ORDERED.