GARY E. SJOROOS AND SHIRLEY A. SJOROOS, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29947–81.    Filed December 15, 1983.

Gary E. Sjoroos, pro se.
*James A. Nelson*, for the respondent.

FEATHERSTON, *Judge*: Respondent determined a deficiency in
petitioners' Federal income tax for 1979 in the amount of
$5,022, and an addition to tax under section 6653(a)[1] in the
amount of $251. Other matters having been resolved by
agreement of the parties, the only issues remaining for
decision are:

(1) Whether the Federal income tax exemption provided for
in section 912(2) for certain cost-of-living allowances received
by Federal employees violates petitioners' constitutional guar-
antee of equal protection of the laws; and

(2) Whether any part of any underpayment of tax for 1979
was due to petitioners' "negligence or intentional disregard of
rules and regulations" within the meaning of section 6653(a).

### FINDINGS OF FACT

Petitioners, husband and wife, resided in Juneau, Alaska, at
the time their petition was filed. They filed a joint Federal
income tax return for 1979 with the Internal Revenue Service
Center, Ogden, Utah. Petitioners resided in Alaska also during
1979. Both petitioners worked for private employers; petition-

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect during the
tax year in issue, unless otherwise noted.

er Gary E. Sjoroos was a heavy equipment operator, and petitioner Shirley A. Sjoroos was an office manager.

In their joint Federal income tax return for 1979, petitioners reported income from wages and salaries in the total amount of $45,752. Twenty percent of this amount, or $9,150, was then deducted as an "Alaska cost of living allowance." Petitioners prepared the return themselves, and have not shown that they sought professional advice regarding the validity of their "cost of living" deduction.

Respondent disallowed petitioners' claimed cost-of-living deduction and imposed an addition to tax under section 6653(a).

OPINION

Section 912(2)[2] provides that certain cost-of-living allowances received by "civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska)" shall be exempt from the Federal income tax. Because petitioners were not officers or employees of the Federal Government during the period in question, they were clearly outside the scope of the statutory exemption and are not entitled to the claimed deduction.[3]

Petitioners argue that the granting of an exemption for Federal employees' cost-of-living allowances, with no comparable exemption for persons employed in the private sector, denies them their constitutional right of equal protection of the laws.[4] We hold that section 912(2) does not violate any of

[2]SEC. 912. EXEMPTION FOR CERTAIN ALLOWANCES.
The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle:

    *       *       *       *       *       *       *

(2) COST-OF-LIVING ALLOWANCES.—In the case of civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska), amounts (other than amounts received under title II of the Overseas Differentials and Allowances Act) received as cost-of-living allowances in accordance with regulations approved by the President.

[3]Bunselmeier v. Commissioner, T.C. Memo. 1982–450.

[4]The equal protection clause contained in the 14th Amendment is, by its terms, applicable to the State governments rather than to the Federal Government. The Fifth Amendment's

petitioners' constitutional rights.[5]

It is true that section 912(2) grants to Federal employees in Alaska a right to exclude their cost-of-living allowances from gross income and that no corresponding right has been extended to individuals employed in private industry. We do not think, however, that this disparate treatment deprives petitioners of equal protection of the laws. The constitutional issue is whether limiting to Federal employees in designated areas the right to exclude cost-of-living allowances from their gross income was a reasonable classification, i.e., had some rational basis. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970).

"Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." *United States v. Maryland Savings-Share Ins. Corp.*, 400 U.S. 4, 6 (1970); see *Keeler v. Commissioner*, 70 T.C. 279 (1978), and cases cited. We think section 912(2) reflects a reasonable legislative classification. The section first came into the law during World War II when rapidly increasing income tax rates and increased living costs were consuming large portions of the allowances provided for Federal civilian employees stationed outside the United States. Instead of increasing the allowances to offset increasing Federal taxes and rising living costs, Congress adopted the alternative of exempting the cost-of-living allowances from taxation.[6] That

due process clause, however, embodies the principles of equal protection and makes them applicable to the Federal Government. *Bolling v. Sharpe*, 347 U.S. 497 (1954); cf. *Jaggard v. Commissioner*, 76 T.C. 222, 225 (1981).

[5]In addition to their equal protection argument, petitioners argue that their rights under the following constitutional provisions have been violated: (1) The "privileges and immunities" clause of art. IV, sec. 2; (2) the requirement of art. I, sec. 8, that taxes laid by Congress shall be "uniform throughout the United States"; and (3) the 10th Amendment's reservation to the States, or to the people, of "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States." These arguments are without merit.

[6]S. Rept. 627, 78th Cong., 1st. Sess. (1943), 1944 C.B. 973, 992, which accompanied the enactment of the predecessor of sec. 912(2), contains the following explanation:

COST-OF-LIVING ALLOWANCES
FOR FEDERAL EMPLOYEES IN FOREIGN SERVICE.

The committee bill provides a new subsection to section 116 of the Internal Revenue Code [of 1939] to exempt from gross income the cost-of-living allowances granted personnel of the Government assigned for foreign duty.

Relief is essential to Government personnel stationed in foreign countries who are having a very difficult time and who are reported to be experiencing in the face of rapidly rising living costs a diminution from 22 to 59 per cent of the individual amounts it is now possible to provide personnel to assist in meeting official requirements. Under present regulations inclusion of these allowances is required and the income tax thus nullifies in large measure the efficacy of the allowances to meet official expenses incurred by personnel on foreign

provision has been carried forward as section 912(2) and was expressly extended to Federal employees in Alaska by legislation adopted in 1960.[7]

The legislative classification made by the section thus reflects a policy decision by Congress as to how Federal employees should be recompensed for the added living costs

---

assignment, and granted in order to meet official requirements.

The personnel of the Government do not choose the posts to which they are assigned, and they have no control over the costs which there are experienced. They are sent to the posts because highly important duties of the Government must there be accomplished. Payment of allowances to meet the extra costs of living at individual posts is indistinguishable from the payment of allowances to defray the expenses of operation of the establishment, the official entertainment which is necessarily undertaken, the travel personnel is ordered to perform or the rental paid for quarters appropriate to house essential activities.

The technical explanation in the same committee report includes the following (1944 C.B. at 1014):

SECTION 118. EXCLUSION FROM GROSS INCOME OF CERTAIN
COST-OF-LIVING ALLOWANCES PAID TO CIVILIANS AND
OFFICERS AND EMPLOYEES OF THE GOVERNMENT STATIONED
OUTSIDE CONTINENTAL UNITED STATES.

This section, for which there is no corresponding provision in the House bill, amends section 116 of the Internal Revenue Code (relating to exclusions from gross income) by adding at the end thereof subsection (j), which provides for the following three new classifications which are to be considered as exclusions from gross income * * * (3) in the case of other civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President.

[7]The "(other than Alaska)" language in sec. 912(2) (see note 2 *supra*), as well as certain other changes in the statute was adopted in Pub. L. 86–707, sec. 523(a), 74 Stat. 792, effective Sept. 6, 1960. The accompanying H. Rept. 902, 86th Cong., 2d Sess. (1959), 1960–2 C.B. 760–761, contains the following:

"The purpose of H.R. 7758, as set forth in section 101, is to improve and strengthen the administration of overseas activities of the Government of the United States. This purpose is to be accomplished by the establishment of a coordinated and reasonably uniform system for more effectively compensating Government employees for additional costs, and for hardships and inconveniences, incident to their working assignments in overseas areas. The bill provides for uniformity of treatment for all overseas employees to the extent justified by relative conditions of employment. The allowances, differentials, and expenses authorized by the bill apply only to citizens of the United States employed by the Government in overseas activities, except as otherwise provided by law."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Paragraph (2) of the amended section 912 provides that in the case of civilian officers or employees of the United States who are stationed outside the continental United States, there shall not be included in gross income amounts (other than amounts received under title II of the bill) received as cost-of-living allowances in accordance with regulations approved by the President.

"For purposes of the new paragraph (2), Alaska is not treated as part of the continental United States. Thus, in the case of a civilian officer or employee of the United States stationed in Alaska, amounts received as a cost-of-living allowance in accordance with regulations approved by the President are not to be included in gross income."

they incurred while assigned to certain locations, i.e., by tax exemption of the cost-of-living allowances rather than by an increase in the amounts thereof. The policy decision that such employees should be so recompensed involved a broader policy decision as to how the administration of the activities of the Federal Government outside the continental United States could be improved and strengthened. We think that decision has a rational basis and that it was well within the constitutional power of Congress to make this distinction between employees paid with Federal funds and employees paid with private funds. The exercise of that power in no way deprives petitioners of equal protection of the laws.

There remains the issue as to the applicability of the additions to tax under section 6653(a).[8] That section provides that "there shall be added" to the tax an amount equal to the underpayment if the underpayment is due to "negligence" or "intentional disregard of rules and regulations." The burden of showing that this addition to tax is not applicable rests with petitioners (*Welch v. Helvering*, 290 U.S. 111 (1933)), and they have presented neither evidence nor argument to show that it does not apply.

Excluding or deducting 20 percent of a taxpayer's income in the absence of any supporting statutory authority is a drastic step. We are convinced that petitioners knew that no statute or regulation authorized the claimed deduction and that they intentionally disregarded the law as written by Congress in claiming the exemption. Certainly, before taking such a drastic step, any reasonable person wishing to abide by the law would have consulted an attorney on the constitutional issue.[9] It was negligence for petitioners to fail to take this precautionary step. We are satisfied that no competent attorney would

---

[8] As in effect for the period in question, sec. 6653(a) provided as follows:

(a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

[9] Even if sec. 912(2) *were* held discriminatory, it would still be unclear whether the statute should then be so applied as to grant petitioners the claimed deduction, or whether it should be treated as invalid generally. See generally *Skinner v. Oklahoma*, 316 U.S. 535, 543 (1942); *Moritz v. Commissioner*, 469 F.2d 466, 470 (10th Cir. 1972), revg. 55 T.C. 113 (1970).

have advised petitioners that the claimed exclusion was allowable. We conclude, therefore, that the section 6653(a) addition to tax must be applied.

To reflect the foregoing,

*Decision will be entered under Rule 155.*