CARL ALBERT GRAUVOGEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grauvogel v. Commissioner
Docket No. 22397-82.
United States Tax Court
T.C. Memo 1984-124; 1984 Tax Ct. Memo LEXIS 549; 47 T.C.M. (CCH) 1269; T.C.M. (RIA) 84124; March 13, 1984
Thomas S. Gingras, for the petitioner. James A. Nelson, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's 1979 and 1980 Federal income taxes in the amounts of $2,690 and $4,036, respectively. The sole issue for decision is whether petitioner, an employee of the State of Alaska, is entitled to claim the exemption from Federal income tax provided for in section 912(2) [1] for certain cost-of-living allowances received by Federal employees. FINDINGS OF FACT At the time he filed his petition in this case, petitioner's legal residence *550 was in Nome, Alaska. During 1979 and 1980, the years at issue, petitioner was employed by the State of Alaska as a biologist with the State Department of Fish and Game. He received a salary from the State of Alaska during 1979 and 1980 in the amounts of $37,602.83 and $41,310.11, respectively. Petitioner properly reported his salary as income on his joint Federal income tax returns for 1979 and 1980; however, he claimed deductions for cost-of-living allowances in the amounts of $9,326 for 1979 and $10,121 for 1980. Petitioner computed the amounts of these deductions by multiplying his salary by 24.8 percent for 1979 and 24.5 percent for 1980. These were the applicable percentages for 1979 and 1980 which represent the cost-of-living differential paid by the State of Alaska to its employees stationed in Nome under the contract between the State and the Alaska Public Employees Association (APEA). Petitioner's salary from the State of Alaska consisted partially of Federal matching funds in a 3-to-1 ratio of Federal to State funds; [2] however, petitioner was neither a civilian officer nor an employee of the United States Government during 1979 and 1980. Petitioner was a civilian *551 employee of the State of Alaska; his benefits, retirement and salary were all paid by the State of Alaska using, in part, these Federal matching funds. In the notice of deficiency, respondent disallowed the deductions for the cost-of-living allowances claimed as exempt by petitioner. The disallowance was based on respondent's position that the exemption from Federal income taxes provided by section 912(2) is applicable, by its terms, only to "civilian officers and employees of the Government of the United States" and, thus, is inapplicable to petitioner, an employee of the State of Alaska. OPINION Section 912(2) [3] provides that certain cost-of-living allowances received by "civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska)" shall be exempt from the Federal income tax. Petitioner contends that the granting *552 of a tax exemption for cost-of-living allowances paid to employees of the Federal Government with no comparable exemption for persons employed by a State Government denies him his constitutional right to equal protection of the laws. [4] We hold that section 912(2) is not violative of any of petitioner's constitutional rights. *553 This Court recently had occasion to consider a constitutional argument similar to petitioner's in Sjoroos v. Commissioner,81 T.C. 971 (1983). There, petitioner Sjoroos, a resident of Alaska, was employed in the private sector and he deducted 20 percent of his salary as an "Alaska cost of living allowance." Sjoroos contended that section 912(2), by granting a cost-of-living tax exemption to Federal employees and not to private sector employees, violated his constitutional right to equal protection of the laws. After examining the legislative history of section 912(2), the Court decided that the legislative classification limiting to Federal employees only the right to exclude cost-of-living allowances from gross income reflected a policy decision by Congress as to how Federal employees should be recompensed for the added living costs they incur while assigned to certain locations, i.e., by tax exemption of the cost-of-living allowances rather than by an increase in the amounts of the allowances themselves. Further, we stated that this policy decision with respect to compensation of Federal employees was made to fit within the broader policy decision as to how *554 the administration of the activities of the Federal Government outside the continental United States could be improved and strengthened. Based on these underlying purposes of the legislative classification in section 912(2), we held that the classification was reasonable in that it had a rational basis.Thus, we found that the classification passed constitutional muster under the applicable rational basis equal protection analysis prescribed by the Supreme Court. Dandridge v. Williams,397 U.S. 471, 485 (1970); United States v. Maryland Savings-Share Ins. Corp.,400 U.S. 4, 6 (1970). See Keeler v. Commissioner,70 T.C. 279 (1978), and cases cited. The fact which distinguishes the instant case from Sjoroos is that, unlike Sjoroos, who was a private sector employee, petitioner is an employee of a governmental body, the State of Alaska, whose salary consists substantially of Federal funds. We do not think that this fact affects the constitutional validity of section 912(2). It in no way alters our conclusion in Sjoroos that the legislative classification drawn by Congress in section 912(2), which limits the tax exemption *555 for cost-of-living allowances to Federal employees only, has a rational basis, i.e., to improve and strengthen the administration of the activities of the Federal Government outside the continental United States. Certainly, the Congress has not undertaken the adoption of legislation with respect to the purely administrative affairs of State Governments. Moreover, we think that it is petitioner's employer, the State of Alaska, rather than the source of a portion of his salary which makes him ineligible for the benefits of section 912(2). We agree with respondent that the receipt by the State of Alaska of Federal funds which the State in turn used to pay a portion of petitioner's salary does not convert petitioner's status from that of a State to a Federal employee. [5] Indeed, the Federal matching funds appropriated pursuant to the Pittman-Robertson Act are clearly intended to aid the States in the administration of their own wildlife-restoration projects. [6] It is undisputed that petitioner is employed by the State of Alaska as a biologist in such a wildlife-restoration project. The mere receipt by the State of Federal matching funds in aid of the State organized and administered *556 project does not, in our view, alter petitioner's status as a State employee. Thus, petitioner, a State employee, is not eligible for the cost-of-living allowance tax exemption prescribed by section 912(2). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. These funds were appropriated and transferred by the Federal Government to the State of Alaska pursuant to the Federal Aid in Wildlife Restoration Act of Sept. 2, 1937, as amended, 50 Stat. 917, 16 U.S.C. secs. 669-669i↩; also known as the Pitman-Robertson Act.
3. SEC. 912. EXEMPTION FOR CERTAIN ALLOWANCES. The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle: * * * (2) Cost-of-living allowances.--In the case of civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska), amounts (other than amounts received under title II of the Overseas Differentials and Allowances Act) received as cost-of-living allowances in accordance with regulations approved by the President. ↩
4. The equal protection clause of the Fourteenth Amendment is applicable, by its terms, to the State Governments rather than to the Federal Government. The principles of equal protection, however, are embodied in the due process clause of the Fifth Amendment which, thus, makes them applicable to the Federal Government. Bolling v. Sharpe,347 U.S. 497 (1954); cf. Jaggard v. Commissioner,76 T.C. 222, 225↩ (1981).
5. See Rev. Rule 66-279, 1966-2 C.B. 282; Rev. Rule 70-500, 1970-2 C.B. 155↩. 6. See 16 U.S.C. secs. 669 and 669e(a)↩ which require, as a condition precedent to the receipt by the States of Federal funds under the Pitman-Robertson Act, that any State making application for such funds first pass State legislation with respect to wildlife preservation and restoration.