ROBERT J. HAGGERTY and BOBBIE M. HAGGERTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haggerty v. Commissioner
Docket No. 12933-84.
United States Tax Court
T.C. Memo 1985-383; 1985 Tax Ct. Memo LEXIS 245; 50 T.C.M. (CCH) 564; T.C.M. (RIA) 85383; July 31, 1985. Robert J. Haggerty and Bobbie M. Haggerty, Pro se. Michael McMahon, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $645 in petitioners' Federal income taxes for 1980. The deficiency resulted from disallowance of a deduction of $1,500 claimed as an IRA payment, resulting adjustment of excludable unemployment compensation, and a 6 percent excise tax on the payment made to the IRA. FINDINGS OF FACT Petitioners *247 were residents of Anchorage, Alaska, at the time they filed their petition herein. They were married during the year 1980 and filed a joint individual income tax return with the Internal Revenue Service Center in Ogden, Utah. During 1980, petitioner Robert J. Haggerty (Mr. Haggerty) was employed by several companies, including Aleutian Constructors, J.V., and was an active participant in a qualified pension plan of that company. Mr. Haggerty also received unemployment compensation of $1,980 during 1980. During that year, petitioner Bobbie M. Haggerty (Mrs. Haggerty) was a homemaker. Petitioners' adjusted gross income as determined by respondent was $26,051 during 1980. On or about March 31, 1981, Mrs. Haggerty opened an Individual Retirement Account Plan (IRA) in her name at the Alaska National Bank of the North, depositing $1,500 into the account. On their 1980 tax return, petitioners deducted $1,500 as a payment to an IRA. In the statutory notice dated February 24, 1984, respondent determined a deficiency of $555 in income tax, resulting from disallowance of the $1,500 deduction and adjustment of the reportable amount of unemployment compensation, and a $90 excise tax, *248 calculated as 6 percent of $1,500. OPINION As effective during 1980, section 219 [1] allowed a deduction of amounts paid to an IRA on behalf of an individual, provided that the deduction claimed did not exceed an amount equal to the lesser of 15 percent of the compensation included in the individual's gross income for that year or $1,500. Section 219(a) and (b)(1). No deduction was allowed, however, for an individual who was an active participant in a qualified pension plan. Section 219(b)(2); see Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2d Cir. 1979); Chapman v. Commissioner,77 T.C. 477 (1981). Section 220, in effect during that year, allowed a deduction for amounts paid to an IRA on behalf of an individual for the benefit of himself and his spouse, not to exceed an amount equal to 15 percent of the compensation includable in the individual's gross income, or $1,750, whichever is the smaller amount. This provision was intended to allow employed *249 individuals to make an additional contribution on behalf of an unemployed spouse. Section 220(b)(7). Deductions under this section were also limited, however, in that they were not available if either the individual or his spouse was an active participant in a qualified plan. Section 220(b)(3). During trial petitioners acknowledged that the literal terms of sections 219 and 220 preclude the deduction taken by them in 1980 because Mr. Haggerty was an active participant in a qualified plan during that year and Mrs. Haggerty had no income. They contend, however, that those sections were unconstitutional, and that they were recognized by Congress to be unconstitutional when, for years beginning after December 31, 1981, it changed the law to permit deductions for payments to an IRA even if an individual was covered by another plan. See Economic Recovery Tax Act of 1981, section 311(1), Pub. L. 97-34, 95 Stat. 172, 274. Petitioners have not cited, and we have not found, any expression by Congress that would support their contention that Congress doubted the constitutionality of prior sections 219(b) and 220(b). The legislative history of the 1981 change in the law indicates that *250 Congress merely decided that those provisions were unduly restrictive and did not promote adequate savings by individuals for retirement. See S. Rept. No. 97-144 (1981), 1981-2 C.B. 412, 455. Moreover, there was no constitutional infirmity to the prior provision, either because it disallowed deductions to persons who were active participants in qualified plans or because it disallowed deductions to persons such as Mrs. Haggerty who did not receive compensation includable in gross income. "Tax statutes may, and almost always do, affect persons differently, some more oppressively than others. Perfect uniformity in operation is so obviously impossible that Congress has of necessity been granted a wide discretion in the classification of taxpayers. [Fn. ref. omitted.]" 1 Mertens, Law of Federal Income Taxation, section 4.09, p. 11 (1981). See Sjoroos v. Commissioner81 T.C. 971, 972-975 (1983). In any event, invalidating the statute would merely leave the Internal Revenue Code without any provision for deduction of payments made to an IRA. Without a specific provision for deductibility, petitioners could not accomplish what they seek here. See New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). *251 Petitioners also contend that the notice of deficiency and the Form 1040 are invalid because the tax return form does not comply with the Paperwork Reduction Act of 1980, 44 U.S.C. section 3501, et seq., Pub. L. 96-511, 94 Stat. 2812. Petitioners cite several sections of that Act, in support of their contention that the Form 1040 for 1980 was "bogus" because it does not bear an Office of Management and Budget (OMB) control number. They omit reference, however, to 44 U.S.C. section 3512, that provides as follows: Sec. 3512. Public protection Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter. Petitioners' return for the year in issue was due on April 15, 1981 (and was timely filed), and section 3512 does not, therefore, apply. By specifying the consequences of failure to comply with the statute after a particular *252 date, Congress implicitly did not intend that such sanction be applied prior to that date. The Act was adopted December 11, 1980, and generally effective April 1, 1981. Pub. L. 96-511, section 5, 94 Stat. 2812. Obviously, a reasonable setup time was anticipated. The 1980 form is, therefore, not invalid. We take judicial notice of the fact that Forms 1040 for 1981 and subsequent years bear an OMB control number. Because petitioners' IRA contribution was properly disallowed, the amount of unemployment compensation excluded from gross income was correctly adjusted. Section 85. The imposition of the 6 percent excise tax under section 4973(a) must also be sustained. Anthes v. Commissioner,81 T.C. 1, 8 (1983), affd. without published opinion 740 F.2d 953 (1st Cir. 1984). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩