**Carl Albert GRAUVOGEL, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–7393.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1985.
Decided Aug. 14, 1985.

Carl Albert Grauvogel, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Ann Belanger Durney, Kathryn E. Rooklidg, Washington, D.C., for respondent-appellee.

Before WRIGHT, POOLE and HALL, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

This appeal raises a constitutional challenge to the tax-free status of a cost-of-living allowance (COLA) accorded federal employees working in Alaska.

## FACTS

During 1979 and 1980, Grauvogel was employed as a biologist for the Alaska State Department of Fish and Game. His salary was $37,602.83 and $41,310.11 for the respective years. Using the cost-of-living differentials paid by Alaska to its Nome employees under a contract with the Alaska Public Employees Association, Grauvogel deducted 24.8% of his salary in 1979 ($9,326) and 24.5% in 1980 ($10,121).

The Commissioner of Internal Revenue disallowed the deductions, interpreting 26 U.S.C. § 912(2) as limited to civilian officers and employees of the federal government. Grauvogel petitioned the Tax Court, raising two arguments. First he claimed that permitting tax-free COLA to federal employees stationed in Alaska violated the equal protection rights of similarly situated Alaska state employees. If the unconstitutional portion was severed, the exemption would then apply to both state and federal employees. Second, he claimed that since his salary was paid with matching federal funds, he qualified for an exemption under the statute as written.

The Tax Court sustained the constitutionality of the statute and denied Grauvogel's exemption. It found that he was a state employee irrespective of matching federal funds.

On appeal, the taxpayer argues that the exemption violates his equal protection rights.[1] He makes the additional request that penalties and interest should be waived.

**ANALYSIS**

■ 26 U.S.C. § 912(2) provides that certain cost-of-living-allowances paid to "civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska)" are exempt from federal income tax.[2] Grauvogel contends that the distinction between federal and state employees unfairly discriminates against the latter, violating the equal protection guarantee inherent in the due process clause of the Fifth Amendment. *See Schweiker v. Wilson,* 450 U.S. 221, 226 n. 6, 101 S.Ct. 1074, 1079 n. 6, 67 L.Ed.2d 186 (1981) (Fifth Amendment imposes same standard on federal government as Fourteenth Amendment imposes on states).

■ We examine this statutory classification to determine if it bears a rational relation to a legitimate governmental purpose. *Regan v. Taxation With Represen-*

*tation,* 461 U.S. 540, 547, 103 S.Ct. 1997, 2002, 76 L.Ed.2d 129 (1983). Congress has broad latitude in creating a tax classification and we will not set it aside if any state of facts will justify it. *Id.; McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

The legislative history of section 912(2) indicates a legislative purpose to offset rising taxes and living costs of civilian employees overseas without increasing their COLA.[3] *Sjoroos v. Commissioner,* 81 T.C. 971, 973–74 (1983) (private citizen challenges § 912(2)); *Lyman v. Commissioner,* 47 T.C.M. (CCH) 1236, 1239 (1984). This decision implements broader congressional policy on administration of federal government activity outside the continental United States and is rationally related to this end. *Accord Sjoroos,* 81 T.C. at 975.

Our analysis does not change because Grauvogel is an Alaska state employee. *Lyman,* 47 T.C.M. (CCH) at 1239. Congress chose this method of dealing with the high cost of living outside the continental United States. It is not our function to " 'hypothesize independently on the desirability or feasibility of any possible alternative[s]' to the statutory scheme." *Lalli v. Lalli,* 439 U.S. 259, 274, 99 S.Ct. 518, 527, 58 L.Ed.2d 503 (1978) (quoting *Mathews v. Lucas,* 427 U.S. 495, 515, 96 S.Ct. 2755,

1. Grauvogel has not argued that he qualifies for the exemption as written in this appeal. We deem it waived. *See* Fed.R.App.P. 28; *Levy v. Urbach,* 651 F.2d 1278, 1280–81 n. 3 (9th Cir. 1981); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981).

2. In 1960, Congress added the language "other than Alaska". *See* Overseas Differentials and Allowances Act, Pub.L. No. 86–707, § 523(a), 74 Stat. 792, 802 (1960). Alaska is not treated as part of the continental United States, thereby extending the exemption to federal employees stationed in Alaska.

3. S.Rep. No. 627, 78th Cong., 1st Sess. 24 (1943) states:

Relief is essential to Government personnel stationed in foreign countries who are having a very difficult time and who are reported to be experiencing in the face of rapidly rising living costs a diminution from 22 to 59 percent of the individual amounts it is now possi-

ble to provide personnel to assist in meeting official requirements. Under present regulations inclusion of these allowances is required and the income tax thus nullifies in large measure the efficacy of the allowances to meet official expenses incurred by personnel on foreign assignment, and granted in order to meet official requirements.

The personnel of the Government do not choose the posts to which they are assigned, and they have no control over the costs which there are experienced. They are sent to the posts because highly important duties of the Government must there be accomplished. Payment of allowances to meet the extra costs of living at individual posts is indistinguishable from the payment of allowances to defray the expenses of operation ... which is necessarily undertaken, the travel personnel is ordered to perform or the rental paid for quarters appropriate to house essential activities. Instead of increasing their COLA, Congress chose to exempt the existing amount from tax.

2767, 49 L.Ed.2d 651 (1976)). We have determined that this classification is directly related to the legitimate interest of effectively administering the operations of the United States government outside the continental United States. Our review ends there.

## INTEREST

 Issues not raised below will generally not be considered on appeal. *Kuntz v. Reese,* 760 F.2d 926, 936 (9th Cir.1985). We may exercise our discretion to hear such an issue in some narrow circumstances. *Id.; Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985). We do so here because the issue raised is one of law, and justice will be better served if we address all of this pro se litigant's contentions.

 He asks that all accumulated interest be waived because he has never tried to hide his claimed exemption.[4] We recognize that he has been forthright. However, the interest provision of the Internal Revenue Code provides that interest *shall* apply to taxes "not paid on or before the last date prescribed for payment." 26 U.S.C. § 6601(a). Section 6601(a) is not a penalty for late payment but merely compensation for delayed payment in the nature of interest on a loan. *United States v. Childs,* 266 U.S. 304, 309–10, 45 S.Ct. 110, 111, 69 L.Ed. 299 (1924). *See United States v. Means,* 621 F.2d 236, 238 (6th Cir.1980) (no good faith exception to accumulation of interest).

The statute itself provides the means for a taxpayer to stop the interest provision from operating. This taxpayer could have paid the amount due within 10 days of demand and stopped the accumulation of interest, 26 U.S.C. § 6601(e)(3), or paid the assessment and sought a refund. *See* Rev. Proc. 60–17, 1960–2 Cum.Bull. 942; 10 J. Mertens, *Law of Federal Income Taxation* § 55.02 (Rev.1985) (exceptions to general

rule that interest must be paid on all overdue taxes).

## CONCLUSION

The Tax Court determined correctly that the COLA provision applicable to federal employees working in Alaska is not unconstitutional. Although Grauvogel has made his arguments in good faith, the statutory interest provision applies to his overdue taxes.

*AFFIRMED.*

---

**4.** He also argues that all penalties be waived. The record on appeal does not show what interest or penalties have been assessed against Grauvogel. The Commissioner appears to concede that no penalties were assessed prior to the Tax Court proceeding and argues that any subsequent penalties are not properly before this court. Without a record, we can do nothing with this argument over penalties. *See Bolker,* 760 F.2d at 1042. The Commissioner concedes that the interest provision of section 6601 applies and we address only that issue.