ROGER W. KNIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knight v. Commissioner
Docket No. 4755-92
United States Tax Court
T.C. Memo 1992-710; 1992 Tax Ct. Memo LEXIS 786; 64 T.C.M. (CCH) 1519; December 15, 1992, Filed *786 An appropriate order granting partial summary judgment for respondent will be issued. For Roger W. Knight, pro se. For Respondent: Cathy A. Goodson. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case came before the Court when respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (under Rule 40) on May 7, 1992. At the hearing on respondent's motion, the parties submitted materials outside the pleadings; therefore, we treat respondent's motion as one for summary judgment under Rule 121. [1]
Respondent determined a deficiency in petitioner's 1989 Federal income taxes of $ 1,375 and imposed an accuracy-related penalty of $ 275. The deficiency resulted from the disallowance of four exemptions claimed by petitioner (one for his wife and three for their children) and the application of married *787 filing separately tax rates to petitioner's taxable income. The accuracy-related penalty resulted from respondent's determination that petitioner was negligent in the preparation of his income tax return. In a "Complaint" filed March 2, 1992, and an amended petition, filed on April 3, 1992, petitioner contested respondent's determinations on the grounds that: (1) Section 152(e), which generally awards the dependency exemption for a child of divorced parents to the custodial parent, creates an irrebuttable presumption which is unconstitutional under the Due Process Clause of the Fifth Amendment to the Constitution of the United States; (2) section 152(e) is a bill of attainder prohibited by article I, section 9, clause 3 of the Constitution of the United States; and (3) the disparate tax treatment accorded alimony payments (deductible) and child support payments (not deductible) violates the equal protection embodied in the Fifth Amendment to the Constitution of the United States. He also claims that he is not subject to the accuracy-related penalty provided for in section 6662. Petitioner resided in Federal Way, Washington, at the time he filed his petition. On May 7, 1992, respondent *788 filed her motion to dismiss for failure to state a claim maintaining that petitioner had not stated a claim in his petition upon which this Court could grant relief. At a hearing on the motion, held on June 15, 1992, in Seattle, Washington, the parties orally stipulated to an exhibit (petitioner's 1989 Federal income tax return), which we have taken into account in arriving at this opinion. Consequently, we treat respondent's motion as one for summary judgment and dispose of it as provided in Rule 121. Rules 40, 121. Under Rule 121(b), a motion for summary judgment is granted when it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Either party may move for summary judgment in its favor on all or part of the issues in controversy. Rule 121(a). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In considering a motion for summary judgment, we construe the facts in a manner most favorable *789 to the party opposing the motion. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The following facts, alleged by petitioner, are not disputed by respondent for purposes of the motion before us. Petitioner and his wife, Royanne M. Knight, were separated in July 1987 and divorced in July 1991. All of their children have lived with Mrs. Knight since their separation. During 1989, petitioner remitted monthly child support payments to Mrs. Knight, which payments constituted more than one-half of the support of the children. Mrs. Knight refused to release the right to claim the dependency exemptions to petitioner. For 1989, petitioner filed a Federal income tax return, which purported to be a joint return, on which he claimed five exemptions, one each for himself and his wife and three for their dependent children. He did not deduct the child support payments he made to his wife. In an attachment to the return, petitioner stated that his wife's signature was not on the return because she refused to sign it. Subsequently, in a notice of deficiency, respondent determined that petitioner was not entitled to four of the exemptions he had claimed and *790 applied married filing separately tax rates to petitioner's income. In her motion, respondent contends that petitioner is not entitled to the dependency exemptions for the children even though he provided more than half of their support because he did not have custody of the children. Petitioner admits that section 152(e), [2] in general, awards the dependency exemptions for children of divorced parents to the custodial parent. However, he contends that section 152(e) is unconstitutional because it creates an "irrebuttable presumption" which violates the due process clause of the Fifth Amendment to the Constitution of the United States. *791 Basically, petitioner argues that the rule contained in section 152(e) (that the custodial parent shall be treated as having provided over half of a child's support) constitutes an irrebuttable presumption which unconstitutionally deprived him of his right to present evidence proving that he, the noncustodial parent, is entitled to the exemptions. He cites Heiner v. Donnan, 285 U.S. 312 (1932), in support of his argument. An irrebuttable presumption is defined in Heiner v. Donnan, supra at 324, as a presumption which is "incapable of being overcome by proof of the most positive character." In that case, the Supreme Court declared unconstitutional a gift tax provision which presumed that gifts made within 2 years of a donor's death were made in contemplation of death. Petitioner contends that section 152(e) "presumes" that the custodial parent provided more than one-half of the children's support and operates to award the dependency exemptions to the custodial parent even if the noncustodial parent provided all of the children's support. However, subsequent Supreme Court opinions have narrowed the scope of the doctrine *792 laid down in Heiner v. Donnan, supra.See Usery v. Turner Elkhorn Mining Co., 428 U.S. 1 (1976); Weinberger v. Salfi, 422 U.S. 749 (1975); see also Kolom v. Commissioner, 644 F.2d 1282 (9th Cir. 1981); deLaurier v. San Diego Unified School Dist., 588 F.2d 674, 683 n.16 (9th Cir. 1978); B.G.M. Enterprises v. Harris, 482 F.Supp. 1073 (1980). With regard to economic matters, the current status of the doctrine was analyzed extensively (in its review of a tax case) by the Second Circuit in Sakol v. Commissioner, 574 F.2d 694 (2d Cir. 1978), affg. 67 T.C. 986 (1977). Based on that analysis, the Second Circuit concluded that "congressional judgments in the form of 'irrebuttable presumptions' in the economic area will be upheld where there is a rational relationship between the criteria set forth in the statutory mandate and a legitimate congressional purpose." Sakol v. Commissioner, supra at 698; see also Sjoroos v. Commissioner, 81 T.C. 971, 973 (1983). *793 Generally, the alleviation of "administrative burdens and practical problems of enforcement" constitutes a legitimate congressional purpose. Bryant v. Commissioner, 72 T.C. 757, 766 (1979). Prior to Congress' amendment of section 152(e), [3] in the case of children of divorced parents, the custodial parent generally was treated as having provided more than one-half of the support for each child during the calendar year and entitled to a dependency exemption for each of them. Sec. 152(e)(1); Labay v. Commissioner, 55 T.C. 6, 10 (1970), affd. per curiam 450 F.2d 280 (5th Cir. 1971). However, an exception to this general rule provided that the noncustodial parent was entitled to the exemptions if such parent provided $ 1,200 or more for the support of each child and the custodial parent did not "clearly establish" that he or she provided more than the noncustodial parent for such child's support. Sec. 152(e)(2)(B). In order to "clearly establish" the amount of support, the custodial parent had to show, by a clear preponderance of the evidence, that he or she provided more support for each child *794 than the noncustodial parent. Pierce v. Commissioner, 66 T.C. 840, 849 (1976); Labay v. Commissioner, supra at 13. Sec. 1.152-4(d)(3), Income Tax Regs. As a result, when a dependency exemption of a child of divorced parents was in dispute, the IRS was forced to examine conflicting evidence to discern which parent provided the requisite amount of support in order to determine which of them was entitled to the dependency exemption. See, e.g., McGuire v. Commissioner, 77 T.C. 765 (1981); McCaskill v. Commissioner, 77 T.C. 689, 694 (1981); Brown v. Commissioner, 48 T.C. 42, 43 (1967). *795 Congress explained its purpose for changing section 152(e) in H. Rept. 98-432 (Part I) at 197 (1984). In that report, it stated that the prior statutory framework for awarding dependency exemptions for children of divorced parents was often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service became involved in many disputes between parents who both claim the dependency exemption based on providing support over the applicable thresholds. * * * The Committee wished to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.
In other words, in enacting the current version of section 152(e), Congress sought to eliminate the role of the Internal Revenue Service (hereinafter IRS) as mediator between parents in disputes over which parent is entitled to the dependency exemption. To accomplish this task, Congress enacted a statute which, as a general rule, awards the dependency exemption to the custodial parent by treating that parent *796 as the provider of over one-half of the child's support. The exemption may be transferred to the noncustodial parent, however, if the custodial parent signs a written declaration to that effect in conformity with section 152(e)(2). Because this statutory scheme eases the administrative burden of the IRS and thereby advances enforcement of the statute in a rational way, it furthers a legitimate congressional purpose. Accordingly, we hold that section 152(e) does not violate the due process clause of the Fifth Amendment to the Constitution of the United States. See Bryant v. Commissioner, 72 T.C. 757, 766-767 (1979). Next, respondent contends that petitioner erred in alleging that section 152(e) constitutes a bill of attainder. A bill of attainder is a legislative act that determines guilt and punishes identifiable individuals without a judicial trial. See Nixon v. Administrator of General Services, 433 U.S. 425 (1977); Cracchiola v. Commissioner, 643 F.2d 1383 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-3, T.C. Memo. 1979-11, T.C. Memo. 1979-12, T.C. Memo. 1979-13; *797 Barr v. Commissioner, 51 T.C. 693, 695-696 (1969). The purpose of the bill of attainder clause is to ensure that the responsibility of deciding an individual's guilt or innocence is reserved for an independent judicial branch, and is not usurped by the legislative branch of Government. United States v. Brown, 381 U.S. 437 (1965); Connolly v. Commissioner, T.C. Memo. 1977-62. In arguing that section 152(e) is a bill of attainder, petitioner assumes, as an underlying premise, that section 152(e) inflicts "punishment" upon noncustodial parents. However, Federal income taxation is not a "punishment" for some sort of wrongdoing. Rather, it is a law to raise revenue to run the Government, and all persons who are within the ambit of the law and have sufficient income are subject to such taxation. Consequently, "It is wholly irrelevant to speak of a bill of attainder in * * * [a] civil proceeding involving * * * [a taxpayer's] income tax liability." Johnson v. Commissioner, T.C. Memo. 1978-32, affd. without published opinion 624 F.2d 192 (9th Cir. 1980). *798 Moreover, the basis on which the income tax is computed is the gross income of the taxpayer. Enactment of deductions and exemptions to reduce the amount of that income as a basis for taxation is strictly within congressional discretion and Congress may grant as many or as few deductions to whomever it deems appropriate just as long as it serves a legitimate purpose of the legislative branch. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In enacting section 152(e), Congress determined that it generally would award the dependency exemption for a child of divorced parents to the custodial parent. That determination in no way constitutes a pronouncement of guilt nor inflicts any punishment. It simply awards a tax benefit to the custodial parent, a matter properly within Congress' discretion. For these reasons, we hold that section 152(e) does not constitute a bill of attainder. Finally, in his petition, petitioner contends that he should be allowed to deduct the full amount he remitted to his wife for child support in the same manner as alimony payments are deductible. He claims that the disparate treatment of alimony as compared *799 with child support violates the Due Process Clause of the Fifth Amendment. In her motion, respondent contends that petitioner's analogy is an incorrect one and, that in considering petitioner's child support payments, we should take into account that no parent is allowed to deduct the amount expended to support his or her child. It is well settled that the due process clause of the Fifth Amendment embraces the principles of the Equal Protection Clause of the Fourteenth Amendment with regard to Federal enactments. Johnson v. Robison, 415 U.S. 361, 364-365 n.4 (1974); Shapiro v. Thompson, 394 U.S. 618, 641-642 (1969). In evaluating whether a Federal statute violates equal protection, we must use a "strict scrutiny" standard when the statute: (1) Impermissibly interferes with the exercise of a fundamental right, or (2) operates to the peculiar disadvantage of a suspect class. See Regan v. Taxation with Representation, 461 U.S. 540, 547 (1983); Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312 (1976); San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 16-17 (1973). *800 Petitioner argues that the strict scrutiny standard must be used in this case because the statute "discriminates against taxpayers who have exercised the fundamental right to procreate" and that "decisions concerning the exercise of this fundamental right are best made by individuals without interference by government in a free society." Petitioner's argument misses the point. This statute creates no impermissible interference with the right to have children. Rather, this statute awards the exemptions to one of the persons that exercised such right to procreate. Nor does the statute implicate any suspect class. It applies regardless of the race or sex of the custodial parent, of the noncustodial parent, and of the child. Because no fundamental right or suspect class is involved in this case, we apply a rational-basis standard. Under such standard, a deduction does not violate the equal protection clause "if any state of facts rationally justifying it is demonstrated to or perceived by the courts." United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 6 (1970); see Regan v. Taxation with Representation, supra; Sjoroos v. Commissioner, 81 T.C. 971 (1983); *801 Keeler v. Commissioner, 70 T.C. 279, 285-286 (1978). In general, a payor of alimony or separate maintenance may deduct amounts paid, but the recipient must include such payments in gross income. Secs. 71, 215. These provisions relieve the payor of the liability for income tax on the amount transferred to the other parent, but impose that burden on the person receiving and enjoying the benefit of the alimony. H. Rept. 98-432 (Part I) at 194 (1984). In contrast, child support payments are neither deductible by the payor nor taxable to the recipient. Petitioner argues that the recipient of his child support payments (Mrs. Knight) should bear the burden of tax because she gets the benefit of the income. Moreover, petitioner maintains that denying the parent paying the child support a deduction exhibits "a willingness by Congress to invidiously discriminate against noncustodial parents." However, petitioner, in his argument, fails to take into account that the child support money he pays to Mrs. Knight goes toward the support of their children, not for her benefit or enjoyment as is the case of alimony. He further fails to take into account that *802 personal, living, and family expenses (including the cost of supporting one's child) are not deductible by any taxpayer. Sec. 262. Consequently, no parent may deduct the cost of supporting his or her child; no distinction is made between parents who are married or unmarried, parents who are married to each other or to others, or parents having or not having custody of the child. Therefore, in his capacity as a parent supporting his children, petitioner is subject to the same rules which apply to all parents. It is obvious then that the difference in treatment between alimony and child support does not discriminate against noncustodial parents and does not violate equal protection. Lastly, in his petition, petitioner raised the propriety of respondent's determination in the notice of deficiency that he was negligent and therefore subject to the section 6662 accuracy-related penalty. In respondent's motion for summary judgment, however, other than asking the Court to award respondent such amount, respondent failed to address such allegation. Moreover, respondent failed to present any arguments in support of such award in her memorandum of law. In considering a motion for summary *803 judgment, we must construe the facts in a manner most favorable to the opposing party, in this case the petitioner. Because respondent failed to sufficiently raise the issue of petitioner's negligence, petitioner was not afforded an opportunity to present arguments that he was not negligent. Moreover, because respondent failed to enlighten us as to what facts were taken into account in her determination that petitioner was negligent, at this point we could only guess what facts she wants us to consider. Because of respondent's failure to adequately raise and argue the issue of the accuracy-related penalty in her motion for summary judgment, we decline to uphold such determination at this juncture. To reflect the foregoing, An appropriate order granting partial summary judgment for respondent will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 152(e) which was amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 494, 799, and applies to tax years beginning after December 31, 1984, states: (1) CUSTODIAL PARENT GETS EXEMPTION. -- Except as otherwise provided in this subsection, if -- (A) a child * * * receives over half of his support during the calendar year from his parents -- (i) who are divorced or legally separated under a decree of divorce or separate maintenance, (ii) who are separated under a written separation agreement, or (iii) who live apart at all times during the last 6 months of the calendar year, and
(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
such child shall be treated * * * as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent"). (2) EXCEPTION WHERE CUSTODIAL PARENT RELEASES CLAIM TO EXEMPTION FOR THE YEAR. -- A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if -- (A) the custodial parent signs a written declaration * * * that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.↩
For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.
3. Prior to amendment, section 152(e) read as follows: (1) GENERAL RULE. -- If -- (A) a child * * * receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody).
(2) SPECIAL RULE. -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $ 600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.↩
For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.