60 F.3d 833
 76 A.F.T.R.2d 95-5724, 95-2 USTC P 50,418
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael S. FAIR, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70558.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Michael Samuel Fair appeals pro se the tax court's summary judgment for the Commissioner of Internal Revenue ("CIR") in Fair's action contesting the CIR's determinations of tax deficiencies and additions to tax for the tax years 1983, 1987, and 1988, and the tax court's imposition of a $2,500 penalty for Fair's filing of a frivolous petition. The CIR determined Fair's tax deficiencies after Fair tardily filed his tax returns and failed to report income he received during the relevant tax years. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We review de novo, Estate of Schnack v. Commissioner, 848 F.2d 933, 935 (9th Cir. 1988), and we affirm.
 
 
 3
 Fair contends that he is a "free person" and not a "taxpayer" of the United States subject to federal income taxes. Fair also contends that wages he received for his labor during the relevant years are not income. These contentions lack merit.
 
 
 4
 Fair has failed to bear his burden of proving that the deficiencies in income tax and the additions to tax determined by the CIR were incorrect. See e.g., Rapp v. Commissioner, 774 F.2d 932, 935-36 (9th Cir. 1985). First, Fair clearly is a "taxpayer" and a "person" within the meaning of 26 U.S.C. Sec. 7203. See United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). Second, it is well-settled that wages are income. See 26 U.S.C. Sec. 61; Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir. 1986). Finally, "the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir. 1989).
 
 
 5
 Fair also contends that the CIR issued several letters indicating that he did not need to file tax returns for the tax years at issue. Fair failed to raise this issue in the tax court. Issues not raised below will not be considered on appeal. See Grauvogel v. Commissioner, 768 F.2d 1087, 1090 (9th Cir. 1985).
 
 
 6
 Finally, to the extent Fair contends that the tax court erred by imposing a $2,500 penalty pursuant to 26 U.S.C. Sec. 6673 for bringing a frivolous action, his contention lacks merit. For the reasons stated above, Fair's action was frivolous. The tax court did not abuse its discretion by imposing the penalty. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3