T.C. Memo. 2001-20

UNITED STATES TAX COURT

ANNE M. ROGERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18692-99.                    Filed January 30, 2001.

Anne M. Rogers, pro se.

<u>M. Kathryn Bellis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and
additions to tax in petitioner's Federal income taxes for 1996
and 1997 as follows:

|  |  | Additions to Tax, I.R.C. | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1996 | $21,813 | $  942.25 | $ 93.88 |
| 1997 | 32,519 | 1,618.00 | 191.42 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. Petitioner denies that she is liable for income tax or additions to tax on her earnings as a salaried employee in private industry.

FINDINGS OF FACT

Petitioner resided in Sugar Land, Texas, at the time that her petition was filed. Prior to and during the years in issue, petitioner was married to Kenneth E. Rogers. Prior to and during the years in issue, petitioner was employed by various private employers as a systems analyst. She received income from her employment in the amounts of $97,156 in 1994, $85,386 in 1995, $87,968 in 1996, and a total of $117,095 (from two employers) in 1997. During the years in issue, petitioner also received other income from dividends, interest, and proceeds from the sale of stock.

Prior to 1994, petitioner filed Federal income tax returns. For 1994, she submitted to the Internal Revenue Service (IRS) a Form 1040, U.S. Individual Income Tax Return, that reported her income for that year, checked her status as "married filing separate return", and attached a statement disclaiming any tax liability for 1994 and asserting that she "did not engage in any licensed occupation or activity subject to an excise tax". Petitioner did not file an income tax return for 1995, 1996, or

1997.  Her employers withheld Federal income tax from petitioner's earnings for 1995, 1996, and 1997.  Petitioner did not make any estimated tax payments for 1996 or 1997.

OPINION

Petitioner has not presented any evidence or made any argument that she did not receive the income determined in respondent's notice of deficiency or that she is entitled to deductions not allowed by respondent.  Petitioner, like many before her, has presented a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish".  Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984).  As the Court of Appeals stated in Crain, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Id. at 1417.  We briefly describe those contentions that are central to her position.

Validity of the Notice

Petitioner contends that the notice of deficiency was not sufficient because it failed to identify the Code sections under which respondent's determination was made.  Section 7522 sets forth requirements as to the contents of notices, including a statutory notice of deficiency under section 6212.  Section 7522(a) provides that the notice "shall describe the basis for, and identify the amounts (if any) of, the tax due, interest,

additional amounts, additions to tax, and assessable penalties included in such notice.  An inadequate description under the preceding sentence shall not invalidate such notice."  There is no requirement that legal citations be included in the statutory notice mailed to petitioner.  See Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982).  The notice in this case set out the specific items of unreported income received by petitioner and the other amounts required under section 7522.  The notice sent to petitioner is sufficient for all relevant purposes of this case.

Petitioner also argues that she was entitled to a hearing with the IRS Appeals Division before the notice of deficiency was sent.  There is no such requirement, and it is apparent, based on petitioner's arguments, that any such hearing would have been futile.  Similarly, we reject her request that the case be "remanded" to the IRS for further consideration of her arguments.

Petitioner's Income Tax Liability

Petitioner makes a convoluted argument that subjecting her to the same rate of taxes as Federal employees constitutes impermissible "disparate tax treatment."  Petitioner cites a variety of Code sections and regulatory materials to show that public employees receive benefits from the Federal Government that are not available to her as an employee of private industry. She argues:

> Whether due to favored treatment of the Federal employee, or officer in the statutes under Title 5 U.S.C. et seq., there exist a great legal disparity in the economic employment benefits, privileges, or protections directly received from the Federal Government by the Federal employee, or officer, and what the petitioner directly receives from the Federal Government * * *.

As a result, she argues, application of the same rates of Federal income tax to her as are applied to Federal employees is unconstitutional. She asserts that taxes imposed on her and used to pay benefits above and beyond wages to Federal employees are improper takings of her income for a "private purpose" within the meaning of various cases dealing with disparate treatment by Federal statutes or agencies.

Petitioner's argument is erroneous in several respects. First, provision of benefits to a Federal employee in relation to his or her employment is an expenditure of funds for a public purpose, not the private purpose of the employee. Second, tax rates are not applied to employees by classification, whether public or private, but to levels and categories of income. Third, even if a distinction had been made between employees paid with Federal funds and employees paid with private funds, such classifications, having a rational basis, do not violate the constitutional rights of taxpayers. See, e.g., Sjoroos v. Commissioner, 81 T.C. 971, 975 (1983).

Estimated Tax Requirement

Petitioner also contends that there is no "enabling legislation" requiring payment of estimated taxes since the repeal of former section 6015 in 1984. Former section 6015, relating to declarations of estimated income tax by individuals, was repealed by section 412 of the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, 98 Stat. 792. That repeal was contemporaneous with the amendment of section 6654 in DEFRA section 411. DEFRA sections 411 and 412, 98 Stat. 788, 792, were among the simplification provisions effectuated by consolidating into section 6654 all rules relating to payments of estimated tax.

Sections 6654(c) and (d), as in effect for the years in issue, set forth the number of required installments and the amount of required installments of estimated tax due from individuals. Section 6654(a) imposes an addition to tax for failure to make the required payments. The addition to tax determined by respondent by reason of petitioner's failure to make the estimated tax payments is mandatory, with exceptions not applicable in this case. See, e.g., Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Section 6651(a)

Finally, petitioner contends that her attempts to secure explanations from the IRS about her arguments were reasonable

cause for her failure to file returns for the years in issue. They were not. Petitioner apparently did not consult with an attorney or accountant or any competent tax professional before discontinuing her prior history of filing tax returns. She cites innumerable cases out of context, while ignoring the innumerable cases upholding the validity of the Federal income tax and rejecting arguments by individuals that they are not required to file Federal income tax returns and pay Federal income taxes. Her failure to file returns for the years in issue was not due to reasonable cause. She is liable for the addition to tax under section 6651(a) as determined by respondent.

<u>Decision will be entered</u>
<u>for respondent</u>.