SHIRLEY DUNCAN HUDSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38356.   Promulgated August 25, 1953.

*Edmund L. Browning, Jr., Esq.,* for the petitioner.
*A. Russell Beazley, Esq.,* for the respondent.

## OPINION.

ARUNDELL, *Judge:* Under section 116 (j) of the Internal Revenue Code,[2] civilian officers and employees of the Government of the United States stationed outside continental United States may exclude from gross income amounts received as cost-of-living allowances in accordance with regulations approved by the President. Although the exact technical relationship between the Foundation and the Department of State does not appear ever to have been finally determined, the parties are agreed that the Foundation was an agency of the United States and that petitioner was an employee of the Government.[3]

Petitioner concedes that no specific regulations covering cost-of-living allowances were issued for employees of the Foundation, nor does she contend that she was an employee of the Department of State. It is her position that the quarters furnished and the cost-of-living allowance paid her during the time quarters were not furnished were "in accordance with" the Foreign Service regulations of the Department of State prescribing the pay schedules of Foreign Service officers, including quarters and cost-of-living allowances. We think her position is well taken.

---

[2] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

   \*      \*      \*      \*      \*      \*      \*

(j) COST-OF-LIVING ALLOWANCES PAID TO CIVILIAN OFFICERS AND EMPLOYEES STATIONED OUTSIDE OF CONTINENTAL UNITED STATES.—In the case of a clerk or employee in the Foreign Service of the United States, amounts received as cost-of-living allowances under authority of section 3, as amended, of the Act of February 23, 1931; and in the case of an ambassador, minister, diplomatic, consular, or Foreign Service officer, amounts received as post allowances under the authority of section 12, as amended and renumbered, of the Act of May 24, 1924; and in the case of other civilian officers or employees of the Government of the United States stationed outside continental United States, amounts received as cost-of-living allowances in accordance with regulations approved by the President.

[3] In fact, if petitioner were not an employee of the Government, she would apparently be entitled to exclude all of her earned income from gross income as a *bona fide* resident of a foreign country within the meaning of section 116 (a) of the Internal Revenue Code.

Under the Act of June 26, 1930 (46 Stat. 818 (1930), 5 U. S. C. § 118. (a)),[4] heads of Departments were authorized to issue regulations with the approval of the President, under which regulations civilian officers and employees of the Government permanently stationed in a foreign country would be furnished with living quarters without cost, or an allowance for living quarters if none was available. Clearly, then, there was ample statutory authority for the issuance of regulations expressly providing for the benefits here in question.

The Executive agreement under which the Foundation was established makes it clear that its operations and activities were under the direct control and supervision of the Secretary of State and his subordinates. In determining the salaries and allowances of the administrative staff of the Foundation, the Department of State looked to its Foreign Service regulations as its authority for fixing the salary and allowances and it, therefore, did not seek the issuance of specific regulations. No authority existed for the payment of cost-of-living allowances by an agency of the Government without reference to some regulations, and we are not prepared to say that the Department of State's construction of its own regulations as being broad enough to cover petitioner's case was improper. Certainly there was nothing arbitrary or patently illegal in the fixing of petitioner's salary and allowances under the regulations as they applied to Foreign Service officers, and we doubt if respondent may collaterally attack this action.

The word "accordance" is defined as "agreement, harmony, conformity, or the act of accord." The word "accord" means "to agree, to be in correspondence or harmony, or agreement or concurrence of opinion, will, or action." Webster's New International Dictionary; American College Dictionary, and College Standard Dictionary. Applying those definitions to the words of section 116 (j), we are of the opinion that petitioner was paid "in accordance with" the regulations of the Department of State governing the pay of Foreign Service officers. It is noted that section 116 (j) uses the words "under authority of" where it deals with officers and employees of the Department of State, and the words "in accordance with" only when referring to other officers and employees of the Government.

The case of M. E. S. Brunelle, 15 T. C. 766, affd. 192 F. 2d 423, is inapplicable, the decision there being that the payments in question were additions to salary rather than cost-of-living allowances. The

---

[4] "Be it enacted * * * That under such regulations as the heads of the respective departments concerned may prescribe and the President approve, civilian officers and employees of the Government having permanent station in a foreign country may be furnished, without cost to them, living quarters, including heat, fuel, and light, in Government-owned or rented buildings, and, where such quarters are not available, may be granted an allowance for living quarters, including heat, fuel, and light, * * *."

fact that petitioner was paid certain "subsidiary cost-of-living" and "post differential" allowances not paid Foreign Service officers is of no significance. Petitioner was paid in rapidly depreciating Chinese currency, and those items were nothing more than compensatory adjustments intended to bring her real income up to its proper dollar value. Foreign Service officers, being paid in United States dollars, had no need for such adjustments.

We are of the opinion, therefore, that the cost-of-living allowances and the value of quarters furnished petitioner in 1948 were properly excludible from gross income under section 116 (j) and that respondent improperly included those items in petitioner's gross income.

*Decision will be entered under Rule 50.*