BENJAMIN F. PFEIFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pfeifer v. Commissioner
Docket No. 11075-81.
United States Tax Court
T.C. Memo 1983-437; 1983 Tax Ct. Memo LEXIS 352; 46 T.C.M. (CCH) 857; T.C.M. (RIA) 83437; July 26, 1983. Benjamin F. Pfeifer, pro se. Gregory A. Vega, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: This case is before the court on petitioner's motion to dismiss pursuant to Rule 53 [1] and respondent's motion for summary judgment pursuant to Rule 121. Respondent determined a deficiency of $936.00 in petitioner's 1978 Federal income taxes, plus an addition to the tax of $46.80 pursuant to section 6653(a). The issues for decision are: (1) whether respondent's abatement of a premature assessment determines finally petitioner's 1978 Federal income tax liability, and (2) whether respondent's motion for summary judgment should be granted. *353 Petitioner resided in Chicago, Illinois, when he filed his petition in this case.
During 1978, petitioner was employed as a sales consultant. On his 1978 return, petitioner claimed deductions for certain business expenses. In his statutory notice of deficiency, respondent disallowed these deductions. Subsequent to the filing of the petition in this case, respondent issued a premature assessment of the deficiency set forth in the statutory notice. Respondent then abated this premature assessment. 1. Motion to Dismiss. Petitioner argues that the notice of abatement indicating a balance due of "none" constitutes a final determination of his tax liability for 1978. Respondent, however, contends that the assessment was premature and therefore properly abated, and that the Tax Court retains jurisdiction to determine petitioner's tax liability. We agree with respondent. Upon filing his petition in his case, petitioner invoked the jurisdiction of this Court. Where a petition has been filed, section 6213(a) prohibits assessment or collection of a deficiency until our decision in the case becomes final. None of the exceptions to section 6213(a) are applicable in the present *354 case. The assessment was thus prohibited by section 6213(a) and, therefore, the abatement was proper. See ; affg. per curiam a memorandum opinion of this Court; see also . There is no merit to petitioner's contention that the abatement was determinative of his tax liability. Our jurisdiction remains unimpaired until we decide the controversy. See , affd. per curiam, . Accordingly, petitioner's motion to dismiss must be denied. 2. Motion for Summary Judgment. Petitioner failed to assert any assignments of error as to the notice of deficiency. Moreover, he failed to allege any facts that could support the disallowed deductions. Petitioner's opposition to respondent's motion for summary judgment is based on numerous vague, indeed indiscernable, constitutional arguments. Petitioner's contentions are frivolous and totally without legal significance. *355 It is long established, despite petitioner's protestations to the contrary, that the Federal income laws are constitutional, , and that the basic jurisdiction of the Tax Court is constitutional, . Petitioner's other constitutional arguments are equally meritless and unworthy of judicial comment. See ; , affd. without published opinion, ; [2]
Petitioner asserts neither clear and concise assignments of error committed by respondent nor clear and concise statements of facts upon which any such error could be based. See Rules 34(b)(4) and (5). Petitioner *356 has completely failed to allege any fact or computation to show that respondent's determination which is presumed to be correct, is, in fact, erroneous. Accordingly, petitioner cannot meet his burden of proof. ; Rule 142. The petition raised no justiciable issue as to respondent's determination. Petitioner's claim of error is wholly without support, is frivolous and without merit and, as such, cannot stand against respondent's motion for summary judgment. See . Therefore, we find that respondent's motion for summary judgment must be granted. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. See also ; ; ; and numerous other memorandum opinions of this Court.↩