T.C. Memo. 2006-167

UNITED STATES TAX COURT

LOUIS M. PAVICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11502-04, 20581-04.    Filed August 15, 2006.

Louis M. Pavich, pro se.

<u>Christopher S. Kippes</u>, for respondent.

MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Louis Pavich repairs and maintains
sophisticated equipment under the direction of U.S. military
personnel.  He does his work under a contract between the U.S.
Government and his employer, Raytheon Co.  His pay during the tax
years at issue, 1999-2003, was calculated using Raytheon's pay
schedules, supplemented by a "Special Offsite Allowance" that

Raytheon pays its employees who, like Pavich, spend much of their working life outside the continental United States.  The parties settled most of the other issues in these cases, but the major one left unresolved is whether these Raytheon Allowances are exempt from income tax under section 912(2).[1]  The Court consolidated these cases and held a short trial in Dallas. Pavich was a resident of Texas when he filed the petitions.

Section 912 states:

> The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle:

> \* \* \* \* \* \* \*

> (2) Cost-of-Living Allowances.--In the case of civilian officers or employees of the Government of the United States stationed outside the United States (other than Alaska) amounts \* \* \* received as cost-of-living allowances in accordance with regulations approved by the President \* \* \*.

The Commissioner has two reasons for not allowing Pavich to exclude the Raytheon Allowances from his gross income:  (1) Pavich was not an employee of the Government, but only of Raytheon; and (2) his Raytheon Allowances were not "received as cost-of-living allowances in accordance with regulations approved by the President."

The question of whether Pavich was an "employee of the Government of the United States" should be answered, according to

---

[1] Section references are to the Internal Revenue Code except where we note otherwise; the Rule reference is to the Tax Court Rules of Practice and Procedure.

the Commissioner, by applying the common-law definition of who is an employer of whom.  Looking to employment tax cases for analogies, the Commissioner asserts that Pavich is an employee of the person for whom he performs the services, and who has the right to control and direct him--not only as to the result he is to reach, but also as to the details and means by which he reaches it.  See sec. 31.3121(d)-1(c)(2), Employment Tax Regs.

We are not so sure that the Commissioner is looking in the right place to find the meaning of "employee".  Section 912(2) actually uses the term "civilian officers or employees of the Government of the United States."  These terms aren't defined by tax law, but their use is quite common in federal personnel law, most of which is found in title 5 of the U.S. Code.  It is title 5 that has general definitions of these terms (which are, to be sure, limited to "this title" (i.e., title 5)).  Section 2104 of title 5 defines an "officer" as a justice or judge of the United States and an individual who is--

  (1)  required by law to be appointed in the civil
       service by one of the following acting in an
       official capacity--

    (A)    the President;

    (B)    a court of the United States;

    (C)    the head of an Executive agency; or

    (D)    the Secretary of a military department.

Section 2105 of that title defines as an "employee" anyone who is an "officer," plus an individual who is--

    (1)    appointed in the civil service by one of the
            following acting in an official capacity--

        (A)    the President;

        (B)    a Member or Members of Congress, or the
                Congress;

        (C)    a member of a uniformed service;

        (D)    an individual who is an employee under
                this section;

        (E)    the head of a Government controlled
                corporation; or

        (F)    an adjutant general designated by the Secretary
                concerned under section 709(c) of title 32.

Pavich was certainly not "appointed in the civil service." The Commissioner's argument--that Pavich is Raytheon's, and only Raytheon's, "employee" at common law--is strong, but not without doubt: An individual may have more than one employer at the same time. "A person may be the servant of two masters * * * at one time as to one act, if the service to one does not involve abandonment of the service to the other." 2 Restatement, Agency 2d, sec. 226 (1958). And previous cases decided under section 912(2) seem to have all involved taxpayers who had no connection with the Federal Government, rather than the sort of dual control Pavich credibly testified he was subject to. See, e.g., Grauvogel v. Commissioner, 768 F.2d 1087, 1089 (9th Cir. 1985) (Alaska State Department of Fish and Game biologist), affg. T.C. Memo. 1984-124.

But we don't need to dive into this murk. As the Commissioner also argues, section 912(2) requires an exempt cost-

of-living allowance be received "in accordance with regulations approved by the President." The Commissioner has long taken the position that any cost-of-living allowance must actually be authorized by those regulations "and not be merely paid in an amount and in a manner consistent" with them. See Rev. Rul. 87-29, 1987-1 C.B. 183. There is one case from our Court which might be read to take a contrary position, excluding from gross income a cost-of-living allowance not authorized by those regulations, but calculated to equal those that were. See Hudson v. Commissioner, 20 T.C. 926, 928-29 (1953).

Pavich's situation, though, is not even close to that of the taxpayer in Hudson. The regulations that section 912(2) refers to are those authorized by 5 U.S.C. section 5941. That section-- which, by the way, limits excludible cost-of-living allowances to employees "whose rates of basic pay are fixed by statute" (in contrast to Pavich, whose rate of pay is fixed by Raytheon)-- limits any allowance to 25 percent of an employee's base pay. Pavich's Raytheon Allowances, by contrast, ranged from 77.4 to 94.9 percent of his base pay. Since his Raytheon Allowances were set by Raytheon, not the President; since they were not received in accordance with regulations prescribed by the President, but by Raytheon internal policy; and since they were grossly more than the maximum percentage above base pay allowed by law, we conclude that Pavich's Raytheon Allowances were not "received as cost-of-living allowances in accordance with regulations approved

by the President" and so are not exempt from taxation under section 912(2).

Pavich did argue that the Commissioner conceded the case by sending him a notice of abatement for the full amount at issue. However, this just reflects a misunderstanding of the technical rules of assessment. Pavich brought these cases in 2004; the Commissioner mistakenly didn't take note of this, and went ahead and assessed the tax as if the cases didn't exist. Because this violated the law that usually gives taxpayers a chance to sue in Tax Court first, the Commissioner quite properly reversed (or "abated") those assessments. As we said in The Connell Business Co. v. Commissioner, T.C. Memo. 2004-131, "While the abatements might be construed to constitute an admission that the prior assessments were premature, they in no way constitute admissions as to the proper amount of the deficiencies."

The only other issues left for resolution are the various additions to tax that the Commissioner determined in his notice of deficiency. The parties actually stipulated to the underlying facts justifying those additions--Pavich did not file returns for the four years at issue until the eve of trial, satisfying the predicate for imposition of the failure-to-timely-file addition to tax under section 6651(a); the Commissioner did file substitutes for returns under section 6020(b) for three of those years, justifying the failure-to-pay addition to tax for those years under section 6651(a)(2); and Pavich failed to have

sufficient withholding or pay estimated taxes for each of the years at issue. Pavich never raised any defense to any of these additions, so we sustain them all.

There were, however, concessions and settlements of other issues by both sides, so

<u>Decisions will be entered under Rule 155</u>.