T.C. Summary Opinion 2017-72

UNITED STATES TAX COURT

KEVIN C. HARRIS AND TERESA A. HARRIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13016-15S.                    Filed September 7, 2017.

Kevin C. Harris, for himself.

<u>Joline M. Wang</u>, <u>Douglas S. Polsky</u>, and <u>Randall L. Eager, Jr.</u>, for

respondent.

SUMMARY OPINION

MORRISON, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code of 1986, as amended.[1]  Pursuant to

_____

[1]Unless otherwise indicated, all references to sections are to the Internal

(continued...)

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. We sustain the determination of the Internal Revenue Service (or IRS) that the petitioners, Kevin and Teresa Harris, have a deficiency of $1,587. Our jurisdiction rests on section 6213(a).

## Background

During the 2012 tax year, Kevin Harris had four individual retirement accounts, or IRAs, at his bank. He received total distributions of $13,060 from the four IRAs during that year.

On or before October 15, 2013, the Harrises filed a joint income tax return on Form 1040, the U.S. Individual Income Tax Return. They reported as income the distributions from only one of the IRAs totaling $3,800.

On February 9, 2015, the IRS issued a notice of deficiency to the Harrises reflecting its determination that the Harrises had failed to report the remaining $9,260 of distributions. The IRS determined a deficiency of $1,587. A deficiency is defined as the difference between the tax due and the tax reported (with exceptions not applicable here). Sec. 6211(a).

[1](...continued)
Revenue Code of 1986, as amended, and all references to Rules are to the Tax Court Rules of Practice and Procedure.

In May 2015, Kevin Harris filed a timely petition with this Court for redetermination of the deficiency.  He resided in Kansas when he filed the petition.  The petition did not contain the signature of his wife, Teresa Harris.  It was thus unclear to the IRS whether she intended to join in the petition.

In June 2015, the IRS assessed the amount of the deficiency against her individually.

In August 2015, Teresa Harris sent a signed document ratifying the petition to the Tax Court, thereby joining in the petition of her husband.  She resided in Kansas when she ratified the petition.

In September 2015, the IRS reversed the assessment it made against her. The same month, the IRS sent her a letter stating that it had decreased her tax by the amount of the assessment and that the amount due was zero.

## Discussion

The burden of proof is on the taxpayers, here the Harrises.  Rule 142(a). Although there are exceptions to this burden-of-proof rule, none of the exceptions applies in this case.  See sec. 7491(a)(1).

1.     <u>The source of two $5,000 contributions to Kevin Harris' IRAs</u>

Kevin Harris funded the four IRAs in part through a contribution of $5,000 in 2006 and a contribution of $5,000 in 2007.  As to the source of these two $5,000 contributions, Kevin Harris testified as follows:

- His father had died in 2002 owning an IRA;

- the proceeds of this IRA were distributed after his father's death;

- the conservator of his father's estate paid tax on the distributions; and

- Kevin Harris' brother paid Kevin Harris $10,000--consisting of the proceeds of the IRA distributions--as part of the settlement of his father's estate.

On the basis of these factual predicates, the Harrises theorize that the $9,260 of unreported distributions from Kevin Harris' IRAs in the year 2012 is not taxable. In their view, the distributions ultimately consisted of amounts that had already been taxed.

Contributions to an IRA are tax deductible for the year contributed (within certain limits as to the amount). Sec. 219 (a) and (b).  When a distribution is made from an IRA, the recipient must include it in income for the year of the distribution.  Sec. 408(d)(1).  If the owner of an IRA dies and the decedent's estate or a beneficiary receives a distribution from the IRA, the estate or beneficiary must

include the distribution in income under the income-in-respect-of-a-decedent rule of section 691(a)(1).  See Estate of Kahn v. Commissioner, 125 T.C. 227, 231-232 (2005).  This perhaps explains why the conservator of Kevin Harris' father's estate might have paid income tax on distributions from the father's IRA.  However, it is difficult to understand why this tax payment would affect the taxability of distributions from Kevin Harris' own IRAs.  It is undisputed that he funded his IRAs with tax-deductible contributions.  The distributions should be included in the Harrises' income, see sec. 408(d)(1), unless an exception applies, such as the exception for rollovers, see sec. 408(d)(3).

After the trial we explained to the Harrises that we did not understand their theory of how the source of the two $5,000 contributions would affect the taxability of the distributions from the IRAs owned by Kevin Harris.  We explained that briefs would assist the Court in resolving the case.  We then ordered each party to file a brief.  Although Kevin Harris is a retired lawyer, the Harrises' brief did not cite any legal authority for their argument about the relevance of the source of the two $5,000 contributions.  We are not persuaded that their legal theory is correct.  In addition, Kevin Harris' testimony about the source of the two $5,000 contributions was vague and unsupported by any documentation.  His testimony about this matter therefore does not support any findings of fact.

We hold that the $9,260 of unreported distributions from Kevin Harris' IRAs in the year 2012 is includible in the Harrises' income.

2.     September 2015 letter from the IRS to Teresa Harris

The Harrises' next argument is that their deficiency is zero because the September 2015 letter represents a binding decision by the IRS that the deficiency is zero. Neither the IRS's abatement of the assessment against Teresa Harris nor the September 2015 letter has such an effect. Once a taxpayer files a petition with the Tax Court, the IRS is barred by section 6503(a)(1) from assessing the deficiency until 60 days after the Tax Court's decision becomes final. The IRS assessed the deficiency against Teresa Harris individually after she did not sign her husband's Tax Court petition. Once she ratified the petition and became a party to the case, the IRS reversed its assessment in recognition of section 6503(a)(1). Neither the reversal of the assessment, nor the September 2015 letter reflecting the reversal, suggests that Teresa Harris' deficiency was zero. After our decision becomes final, the IRS is permitted to reassess the deficiency. See Pavich v. Commissioner, T.C. Memo. 2006-167, 92 T.C.M. (CCH) 120, 121 (2006); Connell Business Co. v. Commissioner, T.C. Memo. 2004-131, 87 T.C.M. (CCH) 1384, 1387-1388 (2004); Pfeifer v. Commissioner, T.C. Memo. 1983-437, 46 T.C.M. (CCH) 857 (1983). Furthermore, the September 2015 letter was not in any

form that would bind the IRS. It was not a concession made in court. It was not a settlement signed by the Harrises and the lawyers who represent the IRS in the Tax Court. See secs. 7452, 7803(b)(2)(D). It was not a closing agreement. See sec. 7121. The letter therefore does not affect the Harrises' deficiency amount.

3.  Interest

The Harrises next argue they should be relieved of interest on their 2012 unpaid tax liability. A taxpayer who fails to pay tax is liable for interest accruing from the day the payment was due until the tax is paid. Sec. 6601(a). In 1986 Congress enacted section 6404(e), a provision that granted the IRS the discretion to abate interest. See Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1563(a), 100 Stat. at 2762. Under that provision, the Tax Court lacked jurisdiction to review a refusal by the IRS to abate interest. See 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 356 (1987). In 1996 Congress supplied the Tax Court with jurisdiction through what is now designated section 6404(h) to determine whether the IRS's failure to abate interest under section 6404 constituted an abuse of discretion. Taxpayer Bill of Rights 2, Pub. L. No. 104-168, sec. 302(a), 110 Stat. at 1457-1458 (1996). Section 6404(h) imposes conditions on the jurisdiction of the Tax Court. Tax Court jurisdiction is predicated on (1) the mailing of a final determination by the IRS not to abate

interest and (2) the taxpayer's filing of a petition for review with the Tax Court within 180 days of the mailing of such a determination. Sec. 6404(h)(1) (before amendment by the Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, div. Q, sec. 421(a), 129 Stat. at 3123 (2015), effective for claims for abatement of interest filed with the IRS after December 18, 2015). The Harrises, who seek to invoke this Court's jurisdiction, must prove we have jurisdiction. See Fehrs v. Commissioner, 65 T.C. 346, 348 (1975). They have not proven that the IRS mailed a final determination not to abate interest.

In 2015, Congress amended the Code to change the jurisdictional prerequisites for reviewing IRS refusals to abate interest. Under the 2015 amendment, Tax Court jurisdiction is predicated on (1) either (a) the IRS's mailing of the final determination not to abate interest or (b) the taxpayer's filing with the IRS of a claim for abatement of interest, and (2) the taxpayer's filing of petition for review with the Tax Court within 180 days of the earlier of the mailing of any such determination or the filing of any such claim. Sec. 6404(h)(1) (after amendment by the Consolidated Appropriations Act, 2016, sec. 421(a)). The 2015 amendment applies only to claims for abatement of interest filed with the IRS after December 18, 2015. Consolidated Appropriations Act, 2016, sec. 421(b). The

Harrises have not shown that they filed a claim with the IRS for abatement of interest. Thus they have not proven that the 2015 amendment applies.

The Court has no jurisdiction to determine whether the underpayment interest should be abated.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.